IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
RICHARD F. TYMA,              )
                              )
          Plaintiff,          )       4:05CV3155
                              )
     v.                       )
                              )
STATE OF NEBRASKA, SHERMAN    )       MEMORANDUM OPINION
COUNTY DISTRICT COURT, RONALD )
D. OLBERDING, the NEBRASKA    )
JUDICIAL QUALIFICATIONS       )
COMMITTEE, and JOHN SENNETT,  )
                              )
          Defendants.         )
_____)
```

This matter is before the Court on defendants' motions to dismiss (Filing Nos. 17 and 19), and plaintiff's objection to motions to dismiss (Filing No. 21). The plaintiff, Richard F. Tyma, states that in the Spring of 1999, he hired John Sennett as his attorney in a divorce proceeding before District Judge Ronald D. Olberding of the Sherman County District Court. According to the plaintiff, Judge Olberding's valuation errors in the dissolution proceeding forced the plaintiff to appeal, causing the plaintiff stress and expense.

Subsequently, the appellate court remanded the case to Judge Olberding, who allegedly acted unfairly on remand. The plaintiff's attorney, Mr. Sennett, did not adequately represent the plaintiff. When the plaintiff filed a complaint with the Nebraska Judicial Qualifications Commission, the Commission found no violation of the Code of Judicial Conduct. The plaintiff

believes that he did not receive a fair trial, and he wants his attorney fees returned as well as compensation for the stress he suffered and the violations of his civil rights caused by all of the defendants. Although not stated in the complaint, the plaintiff apparently brings his civil rights claims pursuant to 42 U.S.C. § 1983.

### State Defendants

The State of Nebraska, Sherman County District Court, Nebraska Judicial Qualifications Commission and District Judge Olberding move for dismissal from this litigation on the basis of sovereign and judicial immunities. The defendants correctly claim absolute immunity from the plaintiff's claims.

The plaintiff seeks only monetary relief from the defendants. However, the Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or instrumentality, or an employee of a state in his or her official capacity. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

Moreover, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50

(1999).  However, a state, a state agency or instrumentality or a state employee acting in his or her official capacity is not a "person" who may be sued under 42 U.S.C. § 1983.  *Hilton v. South Carolina Public Railways Com'n*, 502 U.S. 197, 199-201 (1991), *citing Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska, the Sherman County District Court, the Nebraska Judicial Qualifications Commission or District Judge Olberding in his official capacity.

As for any other claims, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (emphasis in original).  *See also Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999):  "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction."  *Accord Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 39-40 (1994): "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals."  Thus, the State of Nebraska, agencies and instrumentalities of the state, and officers and employees of the state in their official capacity cannot be made

to answer to the plaintiff in this Court for financial compensatory relief.

Although a "person" who may be sued pursuant to 42 U.S.C. § 1983 does include a state employee in his or her *individual* capacity, *Hafer v. Melo*, 502 U.S. 21 (1991), Judge Olberding in his individual capacity is shielded by absolute judicial immunity from the plaintiff's claims.  Judges have absolute immunity from suits for damages arising from acts, whether or not erroneous, in their judicial capacity as long as such actions were not taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  *Id*.  "'As a class judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined.' . . . Termed absolute or judicial immunity, the doctrine shields members of the judiciary from liability in certain instances."  *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 622 n. 13 (7th Cir. 2002) (citation omitted).  As the pleadings indicate that Judge Olberding was acting at all times within his jurisdiction as a state district judge, the plaintiff's claim against him in his individual capacity must be dismissed.

-4-

**Private Attorney**

Title 42, U.S.C. § 1983, does not apply to private acts in which the state has no part. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private individual has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. If the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker v. Kohn*, 457 U.S. at 838.

The plaintiff complains about the performance of his privately retained attorney in a civil case. Even a public defender appointed by a state judge to represent a defendant in a criminal case does not act under color of state law for purposes of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under § 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control"). Similarly, "[t]he

-5-

conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (*per curiam*).  *Accord Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998), *amended*, 243 F.3d 234 (6th Cir. 2001); *Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990).  Mr. Sennett's motion to dismiss (Filing No. 19) will be granted because the plaintiff has failed to state a claim against him on which relief may be granted under the federal civil rights laws.

### Supplemental Jurisdiction

The Court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the claim(s) over which the court has original jurisdiction have been dismissed.  In this case, the Court declines to exercise supplemental jurisdiction over the plaintiff's claims, if any, arising under state law.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 31st day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court